# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

PHILIP BROWN,           )
                                )
       **Plaintiff,**       )
                                )
**v.**                              )     **NO. 1:17-cv-00093**
                                )
**J. ROCKETT AUDIO DESIGNS, LLC, et**  )     **JUDGE CAMPBELL**
**al.,**                            )     **MAGISTRATE JUDGE FRENSLEY**
                                )
      **Defendants.**     )

## MEMORANDUM

### I. Introduction

Pending before the Court is a Partial Motion to Dismiss (Doc. No. 26), filed by Defendants J. Rockett Audio Designs, LLC and Chris Van Tassel, to which Plaintiff has filed responses (Doc. Nos. 29, 30) in opposition. For the reasons set forth herein, Defendants' Partial Motion to Dismiss (Doc. No. 26) is **GRANTED**, and Plaintiff's conversion claim is **DISMISSED.**

### II. Factual and Procedural Background

Through his Amended Complaint, Plaintiff Philip Brown brings a claim for breach of contract against Defendant J. Rockett Audio Designs, LLC ("Rockett Audio"), as well as claims for conversion and violation of the Lanham Act, 15 U.S.C. § 1125(a), against Defendants Rockett Audio and Chris Van Tassel. (Doc. No. 23). Plaintiff alleges that, based on his status as an acclaimed artist and well-known guitarist, Rockett Audio entered into a contract with him, on April 3, 2012, to manufacture and promote a guitar pedal bearing Plaintiff's name, and to provide Plaintiff 10% of the net cash received by Rockett Audio for every product sold. (*Id.* ¶¶ 1-32). Plaintiff further alleges Defendants have paid him $2,500 to date, characterized by

Defendants as "advances on earnings," and neither party has terminated the contract. (*Id.* ¶¶ 31-32). According to Plaintiff, Defendants have sold "well over 5,000" guitar pedals bearing his name at numerous brick-and-mortar and online retail locations since 2012, and owe him in excess of $100,000 under the terms of the contract. (*Id.* ¶¶ 33-64). In addition, Plaintiff alleges, within the last two years, Defendants have sold guitar pedals "strikingly similar" to those bearing his name by using marketing and promotional materials bearing his name. (*Id.* ¶ 41). In response to his inquiries, Plaintiff alleges, Defendants represent they have manufactured and sold only 250 guitar pedals bearing Plaintiff's name, they owe Plaintiff no money, and Plaintiff actually owes them a portion of the advance. (*Id.* ¶¶ 44-59).

## III. Analysis

### A. The Standards Governing Motions To Dismiss

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950: *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

### B. Conversion

Defendants argue Plaintiff's Amended Complaint fails to state a viable claim for conversion. Tennessee courts define "conversion" as the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. *PNC Multifamily Capital*

*Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.,* 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). In order to plead a prima facie claim of conversion, a plaintiff must show: (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Id.*

> Under Tennessee law, property may be converted in three ways:
>
> First, a person may personally dispossess another of tangible personalty. Restatement (Second) of Torts § 223(a) (1965). Second, a person may dispossess another of tangible property through the active use of an agent. *See, e.g., McCall v. Owens*, 820 S.W.2d 748, 751 (Tenn. Ct. App.1991). Third, under certain circumstances, a person who played no direct part in dispossessing another of property, may nevertheless be liable for conversion for 'receiving a chattel.' Restatement (Second) of Torts § 223(d).

*Id.*

Money is generally considered intangible property and not subject to a claim for conversion. *Id.* "However, there is an exception where the money is specific and capable of identification or where there is a determinate sum that the defendant was entrusted to apply to a certain purpose." *Id.* Conversion may be established for these identifiable funds "where a party shows ownership or the right to possess specific, identifiable money." *Id.* For example, "tax receipts or insurance premiums, where there is an obligation to keep the money intact or to deliver it," may be the subject of a conversion claim. *Id.* Also, "where the defendant is under an obligation to deliver specific money to the plaintiff and fails or refuses to do so, or when wrongful possession of it has been obtained by the defendant," there is conversion. *Id.*

On the other hand, there is no conversion of money "unless there was an obligation on the part of the defendant to deliver specific money to the plaintiff or unless the money was wrongfully received by the defendant." *Id.* Conversion "does not lie to enforce a mere obligation to pay money or for money had and received for payment of a debt." *Id.* To establish conversion,

a plaintiff must show "a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." *Id.*, at 554. A plaintiff "must allege and prove facts showing a right to immediate possession of the property at the time of conversion," and the defendant's actions with respect to the allegedly converted property "amount to a repudiation of the plaintiff's title or an exercise of dominion over the property." *Id.*

Defendants argue Plaintiff's conversion claim is essentially one for tortious breach of contract, which is not a viable claim under Tennessee law. According to Defendants, aside from this contractual relationship, Plaintiff has not alleged he has entrusted them with any allegedly "converted" money. Plaintiff contends, on the other hand, that his claim is based on Defendants' conduct after breach of the original agreement in "exercising dominion or control" over monies allegedly owed to Plaintiff. Plaintiff also argues Defendants' conduct breached "a socially-imposed obligation" to use care. Neither side addresses the Tennessee law on conversion discussed above.

Assuming all factual allegations of the Amended Complaint to be true, the Court concludes Plaintiff has not stated a viable claim for conversion of money under Tennessee law. Plaintiff essentially alleges Defendants have failed to pay him what he is owed under their agreement for sales of guitar pedals bearing his name, and have engaged in trademark infringement with regard to sales of certain other guitar pedals. Should Plaintiff establish his claims at trial, he will be entitled to an appropriate measure of damages for this conduct under breach of contract law and the Lanham Act. A conversion claim involving money, however, is not viable under Tennessee law based solely on an entitlement to damages. As discussed above, conversion of money lies only where the money is specific and capable of identification or where

there is a determinate sum the defendant was entrusted to apply for a certain purpose. *PNC Multifamily Capital*, 387 S.W.3d at 553. Plaintiff has not alleged Defendants wrongfully acquired, or misapplied, a specific and determinant sum of money belonging to him. Accordingly, Plaintiff's claim for conversion fails to state a claim under Tennessee law, and is dismissed.

## IV. Conclusion

For the reasons set forth above, Defendants' Partial Motion to Dismiss (Doc. No. 26) is granted.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE