# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| PHILIP BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:17-cv-00093 |
| ) | |
| J. ROCKETT AUDIO DESIGNS, LLC ) | JUDGE CAMPBELL |
| et al., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

### I. Introduction

Pending before the Court are Defendants' Motion for Summary Judgment (Doc. No. 46); Plaintiff's Response (Doc. Nos. 50, 51); and Defendants' Reply (Doc. No. 53). For the reasons set forth below, the Motion is **GRANTED.**

### II. Factual and Procedural Background

Through his Amended Complaint (Doc. No. 23), Plaintiff Philip Brown brought a claim for breach of contract against Defendant J. Rockett Audio Designs, LLC (hereinafter "Rockett Audio"); a claim for conversion against Defendants Rockett Audio and Chris Van Tassel; and, as an alternative to his breach of contract claim, a claim for breach of the Lanham Act, 15 U.S.C. § 1125(a), against both Defendants. Plaintiff alleges that, based on his status as an acclaimed artist and well-known guitarist, Rockett Audio entered into a contract with him, on April 3, 2012, to manufacture and promote a guitar pedal bearing Plaintiff's name and provide Plaintiff 10% of the net cash received by Rockett Audio for every product sold. (*Id.* ¶¶ 1-32). Plaintiff further alleges Defendants have paid him $2,500 to date, characterized by Defendants as "advances on

earnings," and neither party has terminated the contract. (*Id.* ¶¶ 31-32). According to Plaintiff, Defendants owe him money under the contract. In addition, Plaintiff alleges Defendants have violated the Lanham Act by selling guitar pedals using marketing and promotional materials bearing his name. (*Id.* ¶ 41). In a previous Memorandum and Order, the Court granted Defendants' motion to dismiss Plaintiff's conversion claim. (Doc. Nos. 44, 45).

As part of their summary judgment motion, Defendants proposed a Statement of Undisputed Material Facts (Doc. No. 48), as required by Local Rule 56.01(b). Those statements are as follows: Rocket Audio ceased selling the "Phil Brown Signature OD" guitar pedal and the "LED Boots" pedal to its retailers in 2015. (Decl. of Van Tassel ¶ 6, attached to Defs.' Mot. as Exhibit 1.) The total net income Rockett Audio received from sales of the "Phil Brown Signature OD" guitar pedal is $24,106.58. (*Id.* ¶ 7.) Plaintiff was previously paid a $2,500.00 advance. (*Id.* ¶ 8.) At no point prior to Rockett Pedals' cessation of sales of the "Phil Brown Signature OD" guitar pedal to third-party retailers did Plaintiff terminate the Agreement. (*Id.* ¶ 9.) In his brief opposing Defendants' Motion, Plaintiff states that he does not dispute these four statements.

Plaintiff has, however, proposed a Separate Statement of Disputed Material Facts (Doc. No. 52), to which Defendants have filed a Response (Doc. No. 54) as follows:

> 1. In addition to the 'Phil Brown Signature OD' pedal, Defendants manufactured, marketed, promoted, and sold the 'Phil Brown LED BOOTS' pedal, which bore Plaintiff's name.
>
> RESPONSE: This fact is not supported by any evidence in or citation to the record, as required by Fed. R. Civ. P. 56 and Local Rule 56.01(c) and, therefore, it is immaterial. Further, Plaintiff's breach of contract claim is against Rockett Pedals only, not both Defendants. It is also immaterial that it is alleged that 'Defendants manufactured, marketed, [and] promoted' the 'Phil Brown LED BOOTS' pedal because Plaintiff has no evidence that a single 'Phil Brown LED BOOTS' pedal was actually sold. (*See* Response to Paragraph 2, *infra*).

2. Defendants failed to compensate Plaintiff for the use of Plaintiff's name, likeness, and signature in conjunction with the promotion of the 'Phil Brown LED BOOTS' pedal, which bore Plaintiff's name.

RESPONSE: This fact is not supported by any evidence in or citation to the record, as required by Fed. R. Civ. P. 56 and Local Rule 56.01(c) and, therefore, it is immaterial. Also, Plaintiff's breach of contract claim is against Rockett Pedals only, not both Defendants. In any case, the proof in the record actually establishes that Rockett Pedals has not failed to compensate Plaintiff under the agreement. Only 251 pedals bearing Plaintiff's name were produced, the net income from each pedal sold was approximately $66.00, and Rockett Pedals paid Plaintiff $2,500.00 (the equivalent of 10% of the net sales of approximately 416 pedals). (Decl. of Van Tassel ¶ 4, D.E. 46-1; Decl. of Van Tassel ¶ 7, D.E. 34-4.)

3. Additionally, the 'LED BOOTS' pedal -- one not contemplated in the Parties' agreement because it did not bearing [*sic*] Plaintiff's name -- was marketed and promoted using Plaintiff's name.

RESPONSE: It is undisputed for the purpose of summary judgment that the 'LED BOOTS' pedal was marketed and promoted by third parties using Plaintiff's name after his name was removed from the 'Phil Brown LED BOOTS' pedal. However, this fact is immaterial because Plaintiff has failed to prove that his name has achieved secondary meaning.

4. Because Plaintiff's name has an established secondary meaning in the marketplace, the use of Plaintiff's name and likeness in the marketing, promotion, and sales of the 'LED BOOTS' pedal was a violation of the Lanham Act, 15 U.S.C. § 1125.

RESPONSE: Paragraph 4 contains two legal conclusions, not a fact. As such, no response is required. As discussed in Defendants' Memorandum of Law, Plaintiff has proffered no evidence of (1) direct consumer testimony; (2) consumer surveys; (3) exclusivity and length of use; (4) amount and manner of advertising; (5) amount of sales and number of customers; (6) established place in the market; or (7) proof of intentional copying. (*See* Pl.'s Responses to Defs.' First Set of Interrogatories, No. 7, and Pl.'s Responses Defs.' Second Set of Interrogatories, attached to Defs.' Mot. as collective Exhibit 2.)

### III. Analysis

A. The Standards Governing Motions For Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The Supreme Court has construed Rule 56 to "mandate[] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, a court must draw all reasonable inferences in favor of the nonmoving party. *See, e.g., Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Shreve v. Franklin County, Ohio*, 743 F.3d 126, 132 (6th Cir. 2014). The court does not, however, make credibility determinations, weigh the evidence, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to defeat the motion, the nonmoving party must provide evidence, beyond the pleadings, upon which a reasonable jury could return a verdict in its favor. *Celotex Corp*., 477 U.S. at 324; *Shreve,* 743 F.3d at 132. Ultimately, the court is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

B. Breach of Contract

Under Tennessee law, the essential elements of a breach of contract claim are: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of contract. *C&W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676 (Tenn. Ct. App. 2007); *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 513 (6th Cir. 1996).

Defendants do not dispute Rockett Audio entered into an enforceable contract with Plaintiff in 2012, which granted Rockett Audio the right to use Plaintiff's name in connection with the "Phil Brown Signature OD" guitar pedal in exchange for 10% of net sales of the pedals. (Doc. No. 46-1). They do dispute, however, that they breached the contract, and that Plaintiff has sustained any damages. Defendants point to the undisputed facts reflecting Rockett Audio ceased selling the pedals bearing Plaintiff's name to retailers in 2015, and the total net income received from the sales of those pedals was $24,106.58. Defendants paid Plaintiff a $2,500.00 advance, in accordance with the terms of the contract.

In response, Plaintiff argues Defendants also manufactured and sold a guitar pedal named "Phil Brown LED BOOTS," for which they have failed to pay him the required portion of net sales. Plaintiff's factual support for this argument consists of a series of exhibits attached to his brief depicting webpages listing the guitar pedal for sale at various retail locations, as they purportedly appeared on October 19, 2015 and on January 18, 2016 (Doc. No. 51, at 4, 14-52).

Defendants contend Plaintiff has failed to present any admissible evidence to support his claim. Although summary judgment should be based on admissible evidence, the evidence does not necessarily have to be presented in final, admissible form at the motion for summary judgment stage. *See, e.g.*, *Thomas,* 2018 WL 1702064, at *25-26. Rule 56(c)(2) provides that a party may, in connection with a motion for summary judgment, object "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." When such an objection is made, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) advisory committee's note. *See also Mangum v. Repp*, 674 F. App'x 531, 536-37 (6th Cir. 2017); *Thomas v. Haslam*, 2018 WL 1702064, at *25-26 (M.D. Tenn. March 26, 2018);

*Weldon v. Hale,* 2017 WL 3479622, at *7-8 (S.D. Ohio Aug. 14, 2017. Plaintiff has not authenticated the webpage exhibits by declaration or otherwise, nor has he shown that they will be presented in an admissible form at trial. Thus, the purported evidence does not create a genuine issue of material fact as to the elements of the breach of contract claim.

Even if the Court assumes the evidence is admissible, however, Plaintiff's claim cannot withstand summary judgment because the exhibits do not demonstrate a breach of the contract, or that Plaintiff has sustained damages for that breach. As Defendants point out, evidence that retailers listed a guitar pedal bearing Plaintiff's name for sale after 2015 does not prove that Rockett Audio continued to sell the pedal *to* retailers after that time. Therefore, the Court concludes Defendant Rockett Audio is entitled to summary judgment on Plaintiff's breach of contract claim.

C. <u>Lanham Act Claim</u>

Plaintiff also claims Defendants violated the Lanham Act by using his name in the marketing and promotional materials for a guitar pedal called "LED BOOTS." Plaintiff contends these materials constitute a "false designation of origin" likely to cause confusion under 15 U.S.C. § 1125(a), which provides in relevant part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

This provision "'is designed to reach, among other things, attempts to appropriate the goodwill associated with a competitor's trademark by means of confusingly similar marking and packaging, which would create an impression that the products of the defendant originated with the plaintiff.'" *Flynn v. AK Peters, Ltd.,* 377 F.3d 13, 19 (1st Cir. 2004 (quoting *Purolator, Inc. v. EFRA Distributors, Inc.,* 687 F.2d 554, 561 (1st Cir. 1982)).

To support his claim, Plaintiff has filed an exhibit purporting to be the webpage of a retailer that, on April 21, 2018, listed an "LED BOOTS" guitar pedal described as follows:

> Led Boots is designed to re-create the signature tone of Phil Brown. Led Boots also pays homage to the amazing Jeff Beck. Led Boots is designed to provide a very natural, late 60's Marshall tone but it's as though the Marshall has been doctored by some of the greats like Phil.

(Doc. No. 51, at 5, 56). Plaintiff contends the same language appeared on Rockett Audio's webpage on August 24, 2015. (*Id.*)

In order to prevail on a false designation of origin claim, a plaintiff must show the defendant's action caused a "likelihood of confusion." *See, e.g., AutoZone, Inc. v. Tandy Corp.,* 373 F.3d 786, 791-92 (6th Cir. 2004); *Johnson v. Jones,* 149 F.3d 494, 502 (6th Cir. 1998). In determining whether a plaintiff has made the requisite showing, courts are to balance the following factors: (1) the strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *Id.,* at 792-93; *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center,* 109 F.3d 275, 280 (6th Cir. 1997). "'These factors imply no mathematical precision, but are simply a guide to help determine whether confusion is likely.'" *Id.* (quoting *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.,* 931 F.3d 1100, 1107 (6th Cir. 2004)).

7

The first factor, the "strength of the mark," is a factual determination about the mark's distinctiveness. *AutoZone*, 373 F.3d at 793. "'The more distinct a mark, the more likely is the confusion resulting from its infringement, and therefore, the more protection it is due. A mark is strong and distinctive when the public readily accepts it as the hallmark of a particular source; such acceptance can occur when the mark is unique, when it has received intensive advertisement, or both.'" *Id.* (quoting *Daddy's Junky Music Stores,* 109 F.3d at 280)).

Defendants argue that the mark Plaintiff seeks to protect here is his own surname, which is not protectable because Plaintiff has not shown it has achieved a secondary meaning. Under trademark law, a mark that is "primarily merely a surname" is not protectable unless it acquires a secondary meaning. 15 U.S.C. § 1052(e)(4), (f); *Marker Intern. v. DeBruier,* 844 F.2d 763, 764 (10th Cir. 1988); *R.L. Polk & Co. v. INFOUSA, Inc.,* 230 F. Supp. 2d 780, 785 (E.D. Mich. 2002), *aff'd sub nom. R.L. Polk & Co v. INFOUSA, Inc.,* 94 Fed. Appx. 305 (6th Cir. 2004); *Stark v. Diageo Chateau & Estate Wines Co.,* 907 F. Supp. 2d 1042, 1060 (N.D. Cal. 2012). "Secondary meaning is established when a preponderance of the evidence demonstrates that the attitude of the consuming public toward the mark denotes a single thing coming from a single source.'" *DeGidio v. W. Grp. Corp.,* 355 F.3d 506, 513 (6th Cir. 2004) (quoting *Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.,* 871 F.2d 590, 596 (6th Cir. 1989)); *see also Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 851 n. 11, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982) (secondary meaning requires a showing that "in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product itself."); *R.L. Polk & Co.,* 230 F. Supp. 2d at 785.

Plaintiff bears the burden of proving "secondary meaning has attached within the relevant class of consumers." *Flynn,* 377 F.3d at 19. "'There is sufficient secondary meaning as long as a

significant quantity of the consuming public understand a name as referring exclusively to the appropriate party.'" *Id.* (quoting *President & Trustees of Colby College v. Colby College-New Hampshire,* 508 F.2d 804, 807 (1st Cir. 1975)). In considering whether a mark has acquired secondary meaning, courts in the Sixth Circuit are to consider the following factors: (1) direct consumer testimony; (2) consumer surveys; (3) exclusivity, length, and manner of use; (4) amount and manner of advertising; (5) amount of sales and number of customers; (6) established place in the market; and (7) proof of intentional copying. *Marketing Displays, Inc. v. TrafFix Devices, Inc.,* 200 F.3d 929, 937 (6th Cir. 1999), *rev'd on other grounds,* 532 U.S. 23, 121 S. Ct. 1255, 149 L.Ed.2d 164 (2001); *R.L. Polk & Co.,* 230 F. Supp. 2d at 785.

Plaintiff agrees that these factors are applicable, but argues that he has made the necessary showing because "his endorsement has been sought after and received from numerous music-related product manufacturers" (listed in Plaintiff's response to Defendants' interrogatories) (Doc. No. 51, at 6, 62-67), including Defendant Rockett Audio. Plaintiff's brief also states:

> Plaintiff is an acclaimed artist, having been a touring member of the band Little Feat in 1981, along with producing, recording, and releasing several records in the past four decades under his own name and through his band, Apaches from Paris. Plaintiff is an acclaimed songwriter with credits that include songs recorded by Cher, Pat Benatar, Bonnie Tyler, Kim Carnes, Lisa Hartman, Ace Frehely of Kiss, Tower of Power, Kix, Steve Perry of Journey, and Lou Graham of Foreigner, among others. Plaintiff is also a well-known guitarist in the music industry, known for having a playing style and sound that is unique to him and difficult to replicate.

(Doc. No. 51, at 6-7). Plaintiff has not submitted a declaration or deposition supporting these factual assertions but contends they amount to proof of direct consumer testimony, exclusivity, length, and manner of use, and established place in the market.

For purposes of this Motion, the Court assumes Plaintiff would testify to these facts at trial. Plaintiff's status as a well-known artist whose endorsement has been sought by manufacturers shows, to some degree, the length and manner of use of his name by manufacturers. Plaintiff has failed, however, to submit evidence that his name has secondary meaning among the class of *consumers* to which the product is marketed. Plaintiff has failed to file any direct consumer testimony or consumer surveys regarding the use of his name, nor has he documented the relevant amount of sales and the number of customers. In short, Plaintiff has not demonstrated "the relevant customers have associated [his] name with a product." *Flynn,* 377 F.3d at 22. Consequently, Plaintiff has not created a genuine issue of material fact that his name has secondary meaning. Absent such a showing, Plaintiff has failed to prove Defendants' use has caused a likelihood of confusion in violation of the Lanham Act. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Lanham Act claim.

## IV. Conclusion

For the reasons discussed above, Defendants' Motion for Summary Judgment (Doc. No. 46) is granted.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE